FILED
Statesville, NC

DEC 19 2025

Clerk, US District Court
Western District of NC

5:25-cv-212-MEO

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA - STATESVILLE DIVISION**

**KATHY REAVES**

**Plaintiff**
v.
**Jeffrey James, Dean Shatley, Ashton Guyer, et al., Defendants**

**Civil Action No.:**

---

### COMPLAINT

**Plaintiff, Kathy Reaves**, by and through undersigned counsel, alleges as follows:

---

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff **Reaves** is a contracted employee of **Iredell County Schools**, Statesville, North Carolina, governed under **N.C. Gen. Stat. §§ 115C-271, 115C-287.1, 115C-319**.

2. Defendant **Jeffrey James** is Superintendent of Iredell County Schools and the sole official authorized under NC law to execute contracts or impose disciplinary actions on contracted employees.

3. Defendants **Dean Shatley** and **Ashton Guyer** are attorneys at **Campbell Shatley, PLLC**, Asheville, NC.

4. Jurisdiction is proper under **28 U.S.C. § 1331** (federal question), **28 U.S.C. § 1343(a)(3)–(4)** (civil rights), and **28 U.S.C. § 1367** (supplemental jurisdiction over state law claims).

5. Venue is proper under **28 U.S.C. § 1391(b)** because all events occurred in this district.

## II. FACTUAL ALLEGATIONS

6. On **December 11, 2025**, Plaintiff received an email from Shatley and Guyer at her **personal email address** referencing confidential employment information, including her employment status and alleged investigations, without her consent.

7. The information shared with these attorneys came from an internal Human Resources email forwarded to Superintendent James, constituting **gross negligence** and a **breach of confidentiality** under **N.C. Gen. Stat. § 132-1.10**.

8. Shatley and Guyer **falsely claimed to act as Defendant James' counsel**, despite not entering an appearance in any court, and referenced speculative investigations unrelated to their law practice, violating **NC Rules of Professional Conduct 1.6, 4.1, 4.4(a), and 8.4(d)**.

9. Plaintiff has **not received any official notice** from Superintendent James regarding alleged investigations or administrative leave, as required under **N.C. Gen. Stat. §§ 115C-271, 115C-287.1, 115C-319**.

10. The conduct of all Defendants constitutes **unauthorized interference with contractual employment rights, misappropriation of confidential information,** and **intentional infliction of emotional distress**.

11. Superintendent James has had no direct contact with the Plaintiff since October 2025, indicating that all information shared with Defendants came from Human Resources, which demonstrates **gross negligence** and systemic mismanagement of confidential employee information.

---

## III. CLAIMS FOR RELIEF

**Count I – Violation of Federal Due Process (42 U.S.C. § 1983)**
12. Plaintiff incorporates ¶¶6–11.
13. Plaintiff has a **constitutionally protected property interest in her contracted employment** under **Board of Regents v. Roth, 408 U.S. 564 (1972)**.
14. Defendants, acting under **color of state law**, interfered with her employment rights without **adequate notice or hearing**, violating **procedural due process**, consistent with **Mathews v. Eldridge, 424 U.S. 319 (1976)**.

**Count II – Intentional Infliction of Emotional Distress (IIED)**
15. Plaintiff incorporates ¶¶6–11.
16. Defendants' conduct was extreme, outrageous, and intended to cause emotional distress,

2

recognized under **Christensen v. United States, 593 F.3d 753 (9th Cir. 2010)** and **Waddle v. Sparks, 331 N.C. 73 (1992)**.

### Count III – Violation of North Carolina Statutory Rights
17. Plaintiff incorporates ¶¶6–11.
18. Defendants violated N.C. Gen. Stat. §§ 115C-271, 115C-287.1, 115C-319, 132-1.10, by:

- Unauthorized disclosure of personnel information;
- Interfering with contractual employment rights;
- Failing to provide notice or proper administrative process.

### Count IV – Attorney Misconduct / Professional Ethics Violation
19. Plaintiff incorporates ¶¶6–11.
20. Attorneys Shatley and Guyer violated NC Rules of Professional Conduct, including:

- **Rule 1.6** – Confidentiality of information
- **Rule 4.1** – Misrepresentation of authority
- **Rule 4.4(a)** – Harassment or intimidation
- **Rule 8.4(d)** – Misconduct prejudicial to the administration of justice

### Count V – Negligence
21. Plaintiff incorporates ¶¶6–11.
22. Defendants James, Shatley, and Guyer owed Plaintiff a duty of care to:

- Protect her confidential employment records;
- Avoid unauthorized disclosure to third parties;
- Act in accordance with North Carolina statutory and professional obligations.

23. Defendants breached this duty by:

- Sharing confidential personnel information;
- Failing to follow proper notice and procedural requirements;
- Engaging in coercive or threatening communication.

3

24. As a direct and proximate result, Plaintiff suffered emotional distress, reputational harm, and interference with contractual employment rights, consistent with Tate v. Charleston County School Dist., 36 F.4th 843 (4th Cir. 2022) (public employee negligence and procedural due process implications).

---

## IV. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue an order enjoining Defendants from further unauthorized disclosure or use of personnel information;

2. Award compensatory and punitive damages for emotional distress and violations of statutory, contractual, and constitutional rights;

3. Refer the matter of attorney misconduct to the North Carolina State Bar;

4. Grant any additional relief deemed just and proper.

THIS the 15th day of December, 2025

*/s/ Kathy Reaves*

Kathy Reaves
Post Office Box 8806
Columbia, SC 29202-8806

4